**Via ECF**

LAW OFFICES
# WILLIAMS & CONNOLLY LLP
725 TWELFTH STREET, N.W.
WASHINGTON, D. C. 20005-5901
(202) 434-5000
FAX (202) 434-5029

EDWARD J. BENNETT
(202) 434-5083
ebennett@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

February 21, 2014

The Honorable Denise L. Cote
U.S. District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

      Re:    *FHFA Actions, Nos. 11-6202, 11-6195, et al.*
            Opposition to FHFA's Request for a Protective Order

Dear Judge Cote:

      We write on behalf of Defendants to request reconsideration of the Court's *ex parte* order provisionally granting FHFA's February 19, 2014 request for a protective order limiting Defendants' Rule 30(b)(6) depositions of Clayton and Pentalpha.[1]  *See* Exs. P (Clayton Amended Notice) & Q (Pentalpha Notice).  (As indicated in the Notices, and contrary to the Court's Order, the Pentalpha and Clayton depositions are not scheduled to occur until February 26 and March 21, 2014, respectively).  Neither Clayton nor Pentalpha have asserted objections to the scope of the depositions, and FHFA has failed to articulate any undue burden associated with Defendants' subpoenas.[2]  FHFA appears to suggest that a burden might arise from having to "contextualize" facts Defendants might elicit during third-party depositions, Plf. Ltr. at 2, but that effort is no different from what any plaintiff incurs when it undertakes to respond to adverse evidence.  FHFA's complaint that it might be required to file *motions in limine* to respond to third-party testimony similarly fails.  An exchange of *motions in limine* prior to trial, where the parties can consider, evaluate, and present arguments based on actual testimony, is precisely how the pre-trial process is designed to work, as opposed to seeking rulings based on conjecture about what a witness *might* say in a deposition.

      FHFA offers no other reasonable basis to preclude Defendants from asking questions about the noticed topics.  Instead, FHFA contends that the subpoenas are "far outside the scope of a Rule 30(b)(6) subpoena as defined by the Court" because they are not restricted to "policies

---

[1] Pentalpha, a financial services firm, advised the GSEs in connection with their PLS investments.  For example, Fannie Mae engaged Pentalpha to conduct an analysis of, and provide recommendations concerning, Fannie Mae's credit surveillance process for AAA subprime PLS such as the Certificates at issue in this case.

[2] Defendants note at the outset that FHFA's letter appears to contain several errors.  First, FHFA claims Defendants seek "improper . . . expert" testimony from Clayton and Pentalpha.  Plf. Ltr. at 2.  FHFA's footnote 2, however, correctly notes that the parties agreed to limit Topic 9 in the Clayton subpoena, thereby eliminating FHFA's objections pertaining to supposed "expert" testimony.  Second, FHFA contends that testimony from Clayton concerning "work performed for the GSEs and Defendants," "communications between Clayton and either the GSEs or Defendants, and reviews of Clayton by the GSEs or Defendants" is "irrelevant."  Plf Ltr. at 1.  That is obviously wrong, as FHFA itself has pursued substantial document discovery from Clayton concerning these topics.

and procedures." Plf. Ltr. at 1. FHFA, however, has served at least 10 Rule 30(b)(6) subpoenas on loan originators in these Actions *commensurate in scope with the Clayton and Pentalpha subpoenas*. *See, e.g.*, Exs. A–O. For example, while FHFA argues that Defendants should be precluded from asking Clayton about "the actual or contemplated work performed for the GSEs and Defendants," or "communications between Clayton, and the GSEs or Defendants regarding private label securities and the loans underlying such securities," or "reviews of Clayton or its work by the GSEs or Defendants," FHFA simultaneously sought the very same type of Rule 30(b)(6) testimony from loan originators regarding "compliance with your loan origination guidelines . . . and . . . the extent to which You rejected applications" and "complaints or queries, formal or informal, made by Defendants with respect to the credit quality of such loans," and "communications between You and Defendants concerning such loans," and "any reviews by Defendants of You, or visits by Defendants to your premises, including the nature, scope, frequency and results of such reviews or visits." Ex. A, at Topics 2, 7. FHFA similarly subpoenaed ratings agencies for Rule 30(b)(6) testimony on "internal communications and communications with third parties," "[a]ny documents, information, data, analyses, or methodologies provided by Defendants," "analysis of the mortgage loans underlying the Securitizations," and "[a]ll reviews of originators, servicers, third party service providers, or issuers". Exs. V, W, and X. FHFA's third-party Rule 30(b)(6) subpoenas, repeatedly seeking the exact same type of Rule 30(b)(6) testimony as Defendants seek here, belie any contention that Defendants' subpoenas are inappropriate. Plf. Ltr. at 2. It would be fundamentally unfair to bar Defendants from taking third-party discovery that FHFA has been allowed to take.

Indeed, this Court previously has indicated that there is no "one-size-fits all" standard for Rule 30(b)(6) depositions in these cases, and suggested that the appropriate scope of a deposition is informed by the deponents' business and role in the case. 11/15/12 Hrg. Tr. at 23:11. The fact that neither Clayton nor Pentalpha has interposed objections similar to FHFA's clearly indicates that Defendants' subpoenas are reasonable in scope and targeted. In any event, there is no prohibition in the Federal Rules on asking a Rule 30(b)(6) designee about facts within her personal knowledge. *Cf. Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *4 (S.D.N.Y.) (examination of witness beyond topics in Rule 30(b)(6) notice is permissible).

FHFA also contends that the time frame in certain topics in the Clayton subpoena should be restricted to 2005–2008 instead of 2004–2011. Pursuant to the Court's November 26, 2013 ruling regarding document discovery from Clayton, Defendants were permitted discovery into Clayton projects from 2004. *See, e.g.*, ABFC 2004-OPT5, ABSHE 2004-HE7, AMSI 2004-R10. Clayton also did work for the GSEs into at least 2009. *See, e.g.*, Ex. R (FHFA 12080262-64); Ex. S (FHFA 15940379). If either GSE continued to retain and rely on Clayton after filing its Complaints, that information would be highly relevant, given FHFA's expected criticism of Clayton's work. *See, e.g.*, Plf's Mot. For Summ. J. at 46.

For similar reasons, Defendants reasonably included FHFA and OFHEO within the scope of the Clayton subpoena. If, as FHFA suggests, FHFA and OFHEO did not retain or review Clayton then less than ten seconds of deposition time will be occupied by this topic. If, on the other hand, FHFA or OFHEO have retained or relied on Clayton, or reviewed Clayton's work, Defendants are entitled to discover that information in light of FHFA's clear intent to criticize Clayton's work. *See id.* Documents in FHFA's production in fact indicate that OFHEO did review Clayton's work. *See, e.g.*, Ex. T (FHFA 01784948); Ex. U (FHFA 01788123).

For the foregoing reasons, Defendants respectfully request that the Court reconsider its Order and deny FHFA's request for a protective order.

          Respectfully submitted,

          */s/ Edward Bennett*

          Edward J. Bennett