<u>VIA ECF</u>                                                                                        March 5, 2014
The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007-1312

      Re:    <u>FHFA Actions</u>, No. 11-cv-6189, *et al.* (DLC) (S.D.N.Y.)

Dear Judge Cote:

      We write on behalf of FHFA regarding Defendants' failure to produce relevant non-privileged discovery materials. Below are brief descriptions of the disputes that FHFA raised in letters dated August 27 and November 8, 2013 (attached hereto as Exhibits A and B) which remain unresolved after multilateral meet and confers on February 13 and February 26, 2014.[1] To the extent that Defendants do not withdraw privilege claims, FHFA requests that Defendants provide the documents underlying the log entries listed below for *in camera* review.

    1.  *Business Purpose*. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *See TVT Records v. Island Def Jam Music Group*, 214 F.R.D. 143, 144 (S.D.N.Y. 2003). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mere reference to a business function, however, without a description of the nature of legal advice rendered or requested is insufficient to establish a claim of privilege. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ With respect to documents falling within the below-listed categories, Defendants have failed to satisfy their burden of establishing that a privilege applies:

- *Repurchase Demands*. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

- *Due Diligence.* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] FHFA makes this request understanding that certain of its challenges may be similar to challenges made by Defendants to FHFA's log. FHFA attempted to reach resolution of these common issues with Defendants (for example, by coming to terms regarding treatment of draft documents sent to counsel for review and with respect to information provided to counsel to facilitate legal advice, but Defendants were unwilling to enter into such an agreement). Thus, to the extent that the Court orders production of types of FHFA documents, it should also order Defendants to produce similar types of documents.

- *Loan Performance or Counterparty Monitoring.* ███████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████

- *Other Non-Legal Business Purpose.* ████████████████
████████████████████████ ██████████████████████████████
████ ████ █████ ████ █ ██ ███ █████ █████ █████
███████████████████████████████████████████████████████████
████████████████

    2. *Third-Party Disclosures.* ████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████ █ ████████████████████████████
███████████████████████████ ████████████████████████████
███████████████████████████████

    3. *Bank Examiner.* ████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
█████████████████████████████████████ Assertion of the bank examiner privilege does not absolve Defendants of the responsibility of complying with Rule 26(b)(5), which requires the proponent of the privilege to describe the nature of the document or communication in a manner that will enable the other party to assess the claim. Defendants have failed to abide by this requirement. ████████████████████████████
██████████████████

    4. *Failure to Identify Attorney as Source or Recipient.* ███████████████
███████████████████████████████████████████████████████████
████████████████████████████████████ *See S.E.C. v. Beacon Hill Asset Mgmt. LLC*, 231 F.R.D. 134, 143 (S.D.N.Y. 2004) (log must identify "the existence of an attorney-client communication"). ████████████████████████████████████████████
██████████████████

      FHFA respectfully requests that the Court order Defendants to produce the documents referenced herein for *in camera* review and, as appropriate, compel Defendants to produce non-privileged documents, including similarly-situated documents cited in the attached exhibits.[2]

                                                  Respectfully submitted,

---

[2] Mindful of the Court's earlier guidance as to how the parties should raise privilege log disputes, FHFA has limited its privilege challenges to a small subset of representative entries for each of the remaining Defendants. *See* Ex. J, Feb 2, 2013 Conf. Tr., at 94.

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Goldman, Sachs & Co.*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Eric B. Bruce
Eric B. Bruce
(eric.bruce@kobrekim.com )
Steven W. Perlstein
(steven.perlstein@kobrekim.com)
David McGill
(David.McGill@kobrekim.com)
Brad H. Samuels
(Brad.Samuels@kobrekim.com)
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1203

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings Inc., FHFA v. Barclays Bank Plc, FHFA v. First Horizon National*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Barclays Bank PLC and FHFA v. Merrill Lynch & Co., Inc.*

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc.*

*Corporation, FHFA v. Bank of America Corporation, FHFA v. Goldman, Sachs and Co., FHFA v. Credit Suisse Holdings (USA), Inc., FHFA v. Nomura Holding America, Inc., FHFA v. Merrill Lynch & Co., Inc., and FHFA v. Ally Financial Inc.*

cc: All Counsel of Record