**Defendants' Submission in Response to FHFA's March 14, 2014 Letter to the Court**

March 21, 2014

**VIA E-MAIL**

The Honorable Denise L. Cote
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 1610
New York, NY 10007-1312

Re:   *FHFA Actions*, No. 11-cv-6189, *et al.* (S.D.N.Y.) (DLC)

Dear Judge Cote:

We write on behalf of Defendants as directed during the March 18, 2014 telephonic conference. As instructed, each Defendant is submitting ex parte those documents challenged by FHFA where the privilege is still being asserted, except for documents withheld under the bank examination privilege where defendants are seeking a statement of position from the applicable regulators. As reflected in Exhibit A, prior to March 18, 2014, FHFA withdrew or modified entries with respect to 19 of the 26 documents (73%) where the application of the privilege (as opposed to its waiver) was challenged. As a result, Defendants are requesting review of an additional 14 documents (identified to FHFA earlier this week) in order to re-populate those challenge categories left vacant due to the withdrawal of privilege claims over challenged documents. Those log entries are listed in Exhibit B, and the basis for Defendants' challenge is described in the Declaration of Robert Hamburg, attached as Exhibit C. Shortly before the submission of this letter, however, FHFA informed Defendants that it is withdrawing its privilege claim in whole or part over 10 of those 14 documents (71%).

The continuing withdrawal and revision of privilege claims in response to party challenges reinforces the need for the appointment of a special master to systematically assist the parties in resolving their privilege disputes. For example, FHFA has withdrawn or modified every privilege assertion that Defendants have challenged on the ground that factual information is being withheld on bank examination grounds. This includes 8 such documents Defendants provided as exemplars during our meet and confer process (even after FHFA had an opportunity to modify its privilege entries in response to Defendants' challenges), and two such exemplars from Defendants' March 5 submission. FHFA has now done the same with respect to Defendants' two replacement challenges identified earlier this week. Even if the parties can identify two exemplars within this category that FHFA does not withdraw, what findings could appropriately be extrapolated to the hundreds of other documents that Defendants challenge in this category? Defendants do not attempt to cast blame on FHFA, as both parties have withdrawn certain privilege claims, and Defendants know that the Court does not draw any negative inference given the magnitude of this litigation. Nonetheless, adjudication of privilege log challenges based only on review of the 2 out of 14 documents that the withholding party is willing to submit does not adequately substitute for a systematic evaluation of individual documents. Moreover, as Defendants explained in their March 14 letter, because the attorney-client privilege challenges by both sides turn on the fact-specific application of the privilege to unique documents, each attorney-client privileged document must be evaluated individually. A ruling on any given document could not reasonably be extrapolated across an entire category of documents, as FHFA has argued.

Defendants respond below to certain arguments made by FHFA in its March 14 submission.

*Attorney-Client Privilege:* FHFA's March 14 submission (at 8) urges the Court to reject any challenge that "appl[ies] equally to [Defendants'] own logs." This argument should be rejected because privilege challenges should be evaluated on their individual merits. Whether one defendant used language that is

The Hon. Denise L. Cote
March 21, 2014
Page 2

similar to the challenged language on FHFA's log cannot alter the privileged status of the document withheld by FHFA. That document either is, or is not, protected by the privilege. It does not become protected by the privilege merely based on a description of a different document in a different log.

*Bank Examination Privilege:* FHFA does not dispute that "factual material generally falls outside of the [bank] examination privilege," and has withdrawn or modified its entry for every exemplar challenged by Defendants on that ground. Nor does FHFA dispute that documents submitted by the GSEs to HUD do not qualify. With respect to Defendants' good cause argument, FHFA argues that Defendants make "sweeping claims" about "broad categories" of documents without identifying any "specific documents" deemed critical. Not so. Defendants identified 5 such documents in their March 5 submission (three of which FHFA withdrew or modified), and now identify 3 such documents. FHFA also argues that application of the good cause exception would "undermine the policies underlying the privilege" by requiring production of precisely the types of documents the privilege was intended to protect. FHFA March 5 Letter at 7. But that is always true of the exception. FHFA does little to dispute that the *Franklin* factors are satisfied here. Rather it appears to oppose the existence of the exception itself.

*Deliberative Process Privilege:* FHFA largely does not dispute the elements of the Deliberative Process privilege as outlined in Defendants' March 5 letter, except for three points. *First*, FHFA argues that factual information "inextricably intertwined" with the deliberative opinion may be protected by the privilege. This is a strawman. Defendants' exemplars do not raise that issue, but challenge documents "that simply compile or communicate factual information." March 5 letter at 1. "Segregable factual portions of documents" are subject to production. *See Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999) (citations omitted). *Second*, FHFA argues that it "need not identify a specific policy underlying each assertion of the deliberative process privilege" (March 14 Letter at 5). That is not the law in the Second Circuit. *See Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 80 (2d Cir. 2002) ("[W]hile the agency need not show *ex post* that a decision was made, it must be able to demonstrate that, *ex ante*, the document for which … privilege is claimed related to a specific decision facing the agency."); *Fox News Network v. U.S. Dep't of Treas.*, 678 F. Supp. 2d 162, 175-76 (S.D.N.Y. 2009) (agency must either "identify the particular policy decisions to which the various documents correspond: or "identify the specific issue facing the agency that the document addressed and note that a decision was made"). *Third*, FHFA argues that the privilege necessarily applies to inter- or intra-agency documents in draft form (*see* Dickerson Decl. ¶¶ 11-12). Not so. *See, e.g., Fox News Network v. U.S. Dep't of Treas.*, 911 F. Supp. 2d 261, 275-76 (S.D.N.Y. 2012) (rejecting the Treasury Department's argument that drafts "are 'inherently' predecisional and 'part of the deliberative process' of creating a final document. … If Treasury's theory were to be accepted, all drafts of all agency documents would be protected simply because of their status as preliminary versions of final documents. Contrary to Treasury's assertion, however, 'the mere fact that a document is a draft is not a sufficient reason to automatically exempt it from disclosure.'") (citation omitted).

Nor is the declaration of Chris Dickerson sufficient to support FHFA's deliberative process claims. If the decision to invoke the deliberative process is delegated by the head of the agency, it must be delegated to someone of "high authority," and "must be accompanied by guidelines to ensure that the agency is not simply withholding documents to advance its litigation strategy in a particular case." *Herman v. Crescent Publ. Group,* 2000 U.S. Dist. LEXIS 13738, *8 (S.D.N.Y. Sept. 20, 2000). The person claiming the privilege must also provide "precise and certain reasons for asserting confidentiality." *Id.* Ms. Dickerson's declaration meets none of these requirements. Ms. Dickerson does not appear to be someone of high authority, but instead is "███████████████████

The Hon. Denise L. Cote
March 21, 2014
Page 3

██████████████████" who "██████████████████████████████████
██████████████" Dickerson Declaration ¶¶ 1-2.  She does not identify any guidelines that she was provided.  And her reasons for asserting confidentiality simply parrot the rationales offered by certain judicial opinions, without applying those rationales to the specific documents.

        Respectfully submitted,

        __/s/ Reginald R. Goeke_____
        Reginald R. Goeke